**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____

Chapter you are filing under:

■ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/15

The bankruptcy forms use you and Debtor 1 to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use you to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| 1. | **Your full name** <br><br> Write the name that is on your government-issued picture identification (for example, your driver's license or passport). <br><br> Bring your picture identification to your meeting with the trustee. | **Paul** <br> First name <br><br> Middle name <br><br> **Jones, II** <br> Last name and Suffix (Sr., Jr., II, III) | First name <br><br> Middle name <br><br> Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years** <br> Include your married or maiden names. | | |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-7777 | |

Debtor 1    **Paul Jones, II**

Case number *(if known)*

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|

**4.** Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years

Include trade names and *doing business as* names

■ I have not used any business name or EINs.

Business name(s)

EINs

☐ I have not used any business name or EINs.

Business name(s)

EINs

**5.** Where you live

**5 Ashley Oaks Lane**
**Flossmoor, IL 60422**
Number, Street, City, State & ZIP Code

**Cook**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

**5 Ashley Oaks Lane**
**Flossmoor, IL 60422**
Number, P.O. Box, Street, City, State & ZIP Code

If Debtor 2 lives at a different address:

Number, Street, City, State & ZIP Code

County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

**6.** Why you are choosing *this district* to file for bankruptcy

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

Debtor 1    **Paul Jones, II**    Case number *(if known)*

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |

**7.    The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

■ Chapter 7

☐ Chapter 11

☐ Chapter 12

☐ Chapter 13

**8.    How you will pay the fee**

■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.    Have you filed for bankruptcy within the last 8 years?**

■ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.    Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No

☐ Yes.

| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |
| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

**11.    Do you rent your residence?**

■ No.    Go to line 12.

☐ Yes.    Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

Debtor 1    **Paul Jones, II**                                                      Case number *(if known)*

---

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ No.    Go to Part 4.

☐ Yes.    Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐    Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐    Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐    Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐    Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐    None of the above

---

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

■ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.

What is the hazard?    _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____

_____
Number, Street, City, State & Zip Code

---

Debtor 1    **Paul Jones, II**                                                      Case number *(if known)*

---

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

Debtor 1    **Paul Jones, II**                                                    Case number *(if known)*

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16. What kind of debts do you have?**

16a.  **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

■ No. Go to line 16b.

☐ Yes. Go to line 17.

16b.  **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

■ No. Go to line 16c.

☐ Yes. Go to line 17.

16c.  State the type of debts you owe that are not consumer debts or business debts

_____

**17. Are you filing under Chapter 7?**

☐ No.    I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes.    I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

■ No

☐ Yes

**18. How many Creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Paul Jones, II**

_____    _____
**Paul Jones, II**                                                            Signature of Debtor 2
Signature of Debtor 1

Executed on    **September 15, 2017**              Executed on    _____
                MM / DD / YYYY                                                    MM / DD / YYYY

Debtor 1   **Paul Jones, II**                                                    Case number *(if known)*

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

| | | |
|---|---|---|
| **/s/ Robert E. Eggmann** | Date | **September 15, 2017** |
| Signature of Attorney for Debtor | | MM / DD / YYYY |

**Robert E. Eggmann**
Printed name

**Carmody MacDonald P.C.**
Firm name

**120 S. Central Ave., Suite 1800**
**Saint Louis, MO 63105**
Number, Street, City, State & ZIP Code

Contact phone   **314-854-8600**                     Email address   **ree@carmodymacdonald.com**

**6203021**
Bar number & State

---

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Paul Jones, II** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number | |
| (if known) | |

☐ Check if this is an
   amended filing

## Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information       12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

**Part 1:    Summarize Your Assets**

| | **Your assets**<br>Value of what you own |
|---|---|
| 1.   **Schedule A/B: Property** (Official Form 106A/B) | |
| 1a. Copy line 55, Total real estate, from Schedule A/B........................................................... | $           0.00 |
| 1b. Copy line 62, Total personal property, from Schedule A/B................................................. | $       2,537.40 |
| 1c. Copy line 63, Total of all property on Schedule A/B.......................................................... | $       2,537.40 |

**Part 2:    Summarize Your Liabilities**

| | **Your liabilities**<br>Amount you owe |
|---|---|
| 2.   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| 2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D*... | $           0.00 |
| 3.   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| 3a. Copy  the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*............................... | $           0.00 |
| 3b. Copy  the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $      30,396.31 |
| **Your total liabilities** | $      30,396.31 |

**Part 3:    Summarize Your Income and Expenses**

| | |
|---|---|
| 4.   *Schedule I: Your Income* (Official Form 106I) | |
| Copy your combined monthly income from line 12 of *Schedule I*................................................ | $           0.00 |
| 5.   *Schedule J: Your Expenses* (Official Form 106J) | |
| Copy your monthly expenses from line 22c of *Schedule J*........................................................ | $         525.00 |

**Part 4:    Answer These Questions for Administrative and Statistical Records**

6.   **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐   No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

■   Yes

7.   **What kind of debt do you have?**

☐   **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

■   **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

| | | |
|---|---|---|
| Official Form 106Sum | Summary of Your Assets and Liabilities and Certain Statistical Information | page 1 of 2 |

Debtor 1    **Paul Jones, II**                                          Case number *(if known)* _____

8.  **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form         $ _____
    122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

9.  **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ **0.00** |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ **0.00** |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ **0.00** |
| 9d. Student loans. (Copy line 6f.) | $ _____ **0.00** |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ **0.00** |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ _____ **0.00** |
| 9g. **Total.** Add lines 9a through 9f. | $ _____ **0.00** |

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | **Paul Jones, II** |
| | First Name     Middle Name     Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name     Middle Name     Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number | |

☐ Check if this is an amended filing

Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ■ No. Go to Part 2.
   ☐ Yes.  Where is the property?

**Part 2:    Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

   ■ No
   ☐ Yes

4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ■ No
   ☐ Yes

5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here............................................................=>

| | |
|---|---|
| | **$0.00** |

**Part 3:    Describe Your Personal and  Household Items**

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

6. Household goods and furnishings
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes.  Describe.....

| None | | $0.00 |
|---|---|---|

7. Electronics
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ■ Yes.  Describe.....

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

Debtor 1    **Paul Jones, II**                                                                                Case number *(if known)*

| Electronics: Video Game Console, Laptop, TV | $1,500.00 |

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ■ No
   ☐ Yes.  Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ■ No
   ☐ Yes.  Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes.  Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ■ Yes.  Describe.....

| Men's Clothing | $400.00 |

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ■ No
    ☐ Yes.  Describe.....

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ■ No
    ☐ Yes.  Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ■ No
    ☐ Yes.  Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ............................................................................. | $1,900.00 |

| **Part 4:** | Describe Your Financial Assets |

| Do you own or have any legal or equitable interest in any of the following? | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    ☐ No
    ■ Yes........................................................................................................

| **Cash:** $500 | $500.00 |

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
    ☐ No

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor 1   **Paul Jones, II**                                          Case number *(if known)*

■ Yes.......................          Institution name:

| | 17.1. | **Checking Account: Chase Bank** | $135.00 |
|---|---|---|---|

| | 17.2. | **Checking Account: Chase** | $2.40 |
|---|---|---|---|

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ■ No
    ☐ Yes.................          Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ■ No
    ☐ Yes.  Give specific information about them...................
             Name of entity:                                    % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ■ No
    ☐ Yes. Give specific information about them
             Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
    ■ No
    ☐ Yes. List each account separately.
             Type of account:          Institution name:

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
    ■ No
    ☐ Yes. ....................          Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
    ■ No
    ☐ Yes.............          Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
    ■ No
    ☐ Yes.............          Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ■ No
    ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No
    ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ■ No
    ☐ Yes.  Give specific information about them...

| **Money or property owed to you?** | **Current value of the portion you own?** |
|---|---|

Official Form 106A/B                          Schedule A/B: Property                          page 3

| Debtor 1 | **Paul Jones, II** | | Case number *(if known)* | |

| | | Do not deduct secured claims or exemptions. |

28. **Tax refunds owed to you**
☐ No
☑ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

| Anticpated 2016 Tax Refunds | | $0.00 |

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
☑ No
☐ Yes. Give specific information......

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
☑ No
☐ Yes. Give specific information..

31. **Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
☑ No
☐ Yes. Name the insurance company of each policy and list its value.
Company name:                                    Beneficiary:                          Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
☑ No
☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue
☑ No
☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
☑ No
☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list**
☑ No
☐ Yes. Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**...............................................................................................................

| | $637.40 |

| **Part 5:** | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |

37. **Do you own or have any legal or equitable interest in any business-related property?**
☑ No. Go to Part 6.
☐ Yes. Go to line 38.

Debtor 1    **Paul Jones, II**                                    Case number *(if known)*

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |

If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes.  Go to line 47.

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |

53. **Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

☑ No

☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ....................................    **$0.00**

| **Part 8:** | **List the Totals of Each Part of this Form** |

| | | |
|---|---|---:|
| 55. | **Part 1: Total real estate, line 2** .................................................................................... | **$0.00** |
| 56. | **Part 2: Total vehicles, line 5** | **$0.00** |
| 57. | **Part 3: Total personal and household items, line 15** | **$1,900.00** |
| 58. | **Part 4: Total financial assets, line 36** | **$637.40** |
| 59. | **Part 5: Total business-related property, line 45** | **$0.00** |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** |
| 61. | **Part 7: Total other property not listed, line 54** | + **$0.00** |

62. **Total personal property.** Add lines 56 through 61...    **$2,537.40**    Copy personal property total    **$2,537.40**

63. **Total of all property on Schedule A/B.** Add line 55 + line 62    **$2,537.40**

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Paul Jones, II** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106C
## Schedule C: The Property You Claim as Exempt                                    4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:    Identify the Property You Claim as Exempt

1.  **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

    ☑ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

    ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2.  **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Electronics: Video Game Console, Laptop, TV**<br>Line from *Schedule A/B*: **7.1** | $1,500.00 | ☑ $1,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| **Men's Clothing**<br>Line from *Schedule A/B*: **11.1** | $400.00 | ☑ $400.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(a) |
| **Cash: $500**<br>Line from *Schedule A/B*: **16.1** | $500.00 | ☑ $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| **Checking Account: Chase Bank**<br>Line from *Schedule A/B*: **17.1** | $135.00 | ☑ $135.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| **Checking Account: Chase**<br>Line from *Schedule A/B*: **17.2** | $2.40 | ☑ $2.40<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor 1    **Paul Jones, II**          Case number (if known)

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Anticpated 2016 Tax Refunds**<br>Line from *Schedule A/B*: **28.1** | $0.00 | ■      $0.00<br><br>☐   100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(b)** |

3. **Are you claiming a homestead exemption of more than $160,375?**
(Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

■   No

☐   Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

     ☐    No

     ☐    Yes

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Paul Jones, II** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) | |

☐ Check if this is an
amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property                12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

   ■ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

   ☐ Yes. Fill in all of the information below.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Paul Jones, II** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number | |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims against you?**

☐ No. Go to Part 2.

■ Yes.

2.  **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

(For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|

| 2.1 | **Illinois Department of Revenue** | Last 4 digits of account number _____ | **$0.00** | **$0.00** | **$0.00** |

Priority Creditor's Name

**Bankruptcy Unit**
**PO Box 19035**
**Springfield, IL 62794-9035**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

When was the debt incurred?    _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

■ Taxes and certain other debts you owe the government

☐ Claims for death or personal injury while you were intoxicated

☐ Other. Specify _____

**For notice purposes only**

Debtor 1    **Paul Jones, II**    Case number (if know) _____

| 2.2 | **Internal Revenue Service** | Last 4 digits of account number _____ _____ | **$0.00** | **$0.00** | **$0.00** |

Priority Creditor's Name

**PO Box 7346**
**Philadelphia, PA 19101-7346**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

When was the debt incurred? _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

■ Taxes and certain other debts you owe the government

☐ Claims for death or personal injury while you were intoxicated

☐ Other. Specify _____

**For notice purposes only**

---

| Part 2: | **List All of Your NONPRIORITY Unsecured Claims** |

3.    **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

■ Yes.

4.    **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

Total claim

| 4.1 | **Chase Freedom Card** | Last 4 digits of account number **7900** | **$2,451.31** |

Nonpriority Creditor's Name

**P.O. Box 15298**
**Wilmington, DE 19850**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

When was the debt incurred?

**Date Opened: 11/1/2015 Last Used: 02/26/2017**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Credit Card** _____

Debtor 1    **Paul Jones, II**                                                                 Case number (if know) _____

| 4.2 | **Discover** | Last 4 digits of account number | **2117** | | **$2,945.00** |

Nonpriority Creditor's Name

**P.O. Box 6103**
**Carol Stream, IL 60197**                        When was the debt incurred?    **2017**

Number Street City State Zip Code                  As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only                                    ☐ Contingent

☐ Debtor 2 only                                    ☐ Unliquidated

☐ Debtor 1 and Debtor 2 only                       ☐ Disputed

☐ At least one of the debtors and another          **Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community          ☐ Student loans
debt**
                                                   ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?                    report as priority claims

■ No                                               ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes                                              ■ Other. Specify    **Credit Card**

---

| 4.3 | **Stefaun Watson** | Last 4 digits of account number | **N/A** | | **$25,000.00** |

Nonpriority Creditor's Name

**C/O Benjamin Sansone, Esq.**
**7777 Bonhomme Ave., Suite 2000**                 When was the debt incurred?    **2014**
**Saint Louis, MO 63105**

Number Street City State Zip Code                  As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only                                    ☐ Contingent

☐ Debtor 2 only                                    ■ Unliquidated

☐ Debtor 1 and Debtor 2 only                       ■ Disputed

☐ At least one of the debtors and another          **Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community          ☐ Student loans
debt**
                                                   ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?                    report as priority claims

■ No                                               ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes                                              ■ Other. Specify    **Alleged Personal Injury.  Damages alleged**
                                                                       **are in excess of $25,000.**

---

**Part 3:    List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

**Part 4:    Add the Amounts for Each Type of Unsecured Claim**

6. **Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.**

|  |  |  | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 0.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 0.00 |

|  |  |  | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                                 Best Case Bankruptcy

Debtor 1   **Paul Jones, II**                                                                Case number (if know)

| | | | |
|---|---|---|---|
| 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 30,396.31 |
| 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ 30,396.31 |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Paul Jones, II** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number | |
| (if known) | |

☐ Check if this is an
   amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.  **Do you have any executory contracts or unexpired leases?**

    ☑ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.

    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.  **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| **2.1**<br>Name<br><br>Number        Street<br><br>City                State        ZIP Code | |
| **2.2**<br>Name<br><br>Number        Street<br><br>City                State        ZIP Code | |
| **2.3**<br>Name<br><br>Number        Street<br><br>City                State        ZIP Code | |
| **2.4**<br>Name<br><br>Number        Street<br><br>City                State        ZIP Code | |
| **2.5**<br>Name<br><br>Number        Street<br><br>City                State        ZIP Code | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Paul Jones, II** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number | |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106H
## Schedule H: Your Codebtors

**12/15**

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☑ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☑ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| *Column 1:* **Your codebtor**<br>Name, Number, Street, City, State and ZIP Code | *Column 2:* **The creditor to whom you owe the debt**<br>Check all schedules that apply: |
|---|---|
| **3.1** _____<br>Name<br><br>_____<br>Number    Street<br>City    State    ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.2** _____<br>Name<br><br>_____<br>Number    Street<br>City    State    ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Paul Jones, II** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income                                         12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| | Occupation | **Student** | |
| | Employer's name | | |
| | Employer's address | **1000 New Hampshire Avenue** | |
| | How long employed there? | **0 Years, 2 Months** | |

### Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2. | $          0.00 | $          N/A |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$          0.00 | +$          N/A |
| 4. | **Calculate gross Income.**  Add line 2 + line 3. | 4. | $          0.00 | $          N/A |

Debtor 1   **Paul Jones, II**                                          Case number (*if known*) _____

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|

**Copy line 4 here** ...................................... 4. $ **0.00** $ **N/A**

5. **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ **0.00** | $ **N/A** |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ **0.00** | $ **N/A** |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ **0.00** | $ **N/A** |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ **0.00** | $ **N/A** |
| 5e. | **Insurance** | 5e. | $ **0.00** | $ **N/A** |
| 5f. | **Domestic support obligations** | 5f. | $ **0.00** | $ **N/A** |
| 5g. | **Union dues** | 5g. | $ **0.00** | $ **N/A** |
| 5h. | **Other deductions.** Specify: _____ | 5h.+ | $ **0.00** + | $ **N/A** |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. 6. $ **0.00** $ **N/A**

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. 7. $ **0.00** $ **N/A**

8. **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. 8a. $ **0.00** $ **N/A**

8b. **Interest and dividends** 8b. $ **0.00** $ **N/A**

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. 8c. $ **0.00** $ **N/A**

8d. **Unemployment compensation** 8d. $ **0.00** $ **N/A**

8e. **Social Security** 8e. $ **0.00** $ **N/A**

8f. **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: _____ 8f. $ **0.00** $ **N/A**

8g. **Pension or retirement income** 8g. $ **0.00** $ **N/A**

8h. **Other monthly income.** Specify: _____ 8h.+ $ **0.00** + $ **N/A**

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. 9. $ **0.00** $ **N/A**

10. **Calculate monthly income.** Add line 7 + line 9. 10. $ **0.00** + $ **N/A** = $ **0.00**
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____ 11. +$ **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies 12. $ **0.00**

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
☐ No.
■ Yes. Explain:   **Debtor is a full time student.**

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Paul Jones, II** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (If known) | |

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1.  **Is this a joint case?**

■ No. Go to line 2.
☐ Yes. **Does Debtor 2 live in a separate household?**

☐ No
☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  **Do you have dependents?**   ■ No

Do not list Debtor 1 and Debtor 2.

☐ Yes.   Fill out this information for each dependent..............

Do not state the dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**

■ No
☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | **Your expenses** |
|---|---|

4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.

4. $ _____ 0.00

**If not included in line 4:**

4a.   Real estate taxes                                      4a. $ _____ 0.00
4b.   Property, homeowner's, or renter's insurance          4b. $ _____ 0.00
4c.   Home maintenance, repair, and upkeep expenses         4c. $ _____ 0.00
4d.   Homeowner's association or condominium dues           4d. $ _____ 0.00

5.  **Additional mortgage payments for your residence,** such as home equity loans   5. $ _____ 0.00

Debtor 1   **Paul Jones, II** _____   Case number (if known) _____

| | | | |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. $ | 0.00 |
| | 6b. Water, sewer, garbage collection | 6b. $ | 0.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 75.00 |
| | 6d. Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | 7. $ | 0.00 |
| 8. | **Childcare and children's education costs** | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $ | 50.00 |
| 10. | **Personal care products and services** | 10. $ | 25.00 |
| 11. | **Medical and dental expenses** | 11. $ | 0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ | 35.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. $ | 0.00 |
| | 15b. Health insurance | 15b. $ | 0.00 |
| | 15c. Vehicle insurance | 15c. $ | 0.00 |
| | 15d. Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. Other. Specify: | 17c. $ | 0.00 |
| | 17d. Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, _Schedule I, Your Income_ (Official Form 106I).** | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on _Schedule I: Your Income._** | | |
| | 20a. Mortgages on other property | 20a. $ | 0.00 |
| | 20b. Real estate taxes | 20b. $ | 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify:   **Gym Membership** | 21. +$ | 40.00 |
| | **Parking Expenses** | +$ | 100.00 |
| | **Test Preparation** | +$ | 200.00 |

| | | | |
|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | 525.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | 525.00 |

| | | | |
|---|---|---|---|
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 _(your combined monthly income)_ from Schedule I. | 23a. $ | 0.00 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 525.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your _monthly net income._ | 23c. $ | -525.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.   | Explain here: |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Paul Jones, II** |
| | First Name _____ Middle Name _____ Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name _____ Middle Name _____ Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number | _____ |
| (if known) | |

☐ Check if this is an
amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes.  Name of person _____     Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

| X **/s/ Paul Jones, II** | X _____ |
|---|---|
| **Paul Jones, II** | Signature of Debtor 2 |
| Signature of Debtor 1 | |
| Date **September 15, 2017** | Date _____ |

---

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Paul Jones, II** |
| | First Name            Middle Name            Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name            Middle Name            Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number | |
| (if known) | |

☐ Check if this is an
amended filing

---

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy            4/16

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1:    Give Details About Your Marital Status and Where You Lived Before

**1.    What is your current marital status?**

☐  Married
■  Not married

**2.    During the last 3 years, have you lived anywhere other than where you live now?**

☐  No
■  Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| **33 W. Delaware pl apt 19k Chicago, IL 60610** | From-To: **1/2014 - 11/2016** | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 From-To: |

**3.    Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

■  No
☐  Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2    Explain the Sources of Your Income

**4.    Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐  No
■  Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ■ Wages, commissions, bonuses, tips | $6,000.00 | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Debtor 1    **Paul Jones, II**                                                        Case number *(if known)*

|  | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|
|  | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **For last calendar year:**<br>**(January 1 to December 31, 2016 )** | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | $6,042.00 | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |

5. **Did you receive any other income during this year or the two previous calendar years?**
   Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

   List each source and the gross income from each source separately. Do not include income that you listed in line 4.

   ■ No
   ☐ Yes. Fill in the details.

|  | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|
|  | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**
   ■ No.    **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?
   ☐ No.    Go to line 7.
   ■ Yes    List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
   * Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

   ☐ Yes.    **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

   ☐ No.    Go to line 7.
   ☐ Yes    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| **Creditor's Name and Address** | **Dates of payment** | **Total amount paid** | **Amount you still owe** | **Was this payment for ...** |
|---|---|---|---|---|
| **Chase Freedom Card**<br>**P.O. Box 15298**<br>**Wilmington, DE 19850** | **June - September 2017** | **$1,200.00** | **$2,451.31** | ☐ Mortgage<br>☐ Car<br>■ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |

Debtor 1   **Paul Jones, II**                                                                                          Case number *(if known)*

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

■ No
☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| | | | | |

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

■ No
☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|
| | | | | |

**Part 4:    Identify Legal Actions, Repossessions, and Foreclosures**

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
■ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **Watson v. Jones, et. al.** **14SL-CC00232** | **Personal Injury** | **St. Louiis County Circuit Court** **105 South Central** **Saint Louis, MO 63105** | ■ Pending ☐ On appeal ☐ Concluded |
| **State of Missouri v. Jones** **12BA-CR01217-01** | **Criminal** | **St. Louiis County Circuit Court** **105 South Central** **Saint Louis, MO 63105** | ☐ Pending ☐ On appeal ■ Concluded |
| **Allstate Insurance Company v. Jones, et. al.** **14SL-CC01746** | **Declaratory Judgment** | **St. Louiis County Circuit Court** **105 South Central** **Saint Louis, MO 63105** | ☐ Pending ☐ On appeal ■ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

■ No. Go to line 11.
☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property  Explain what happened | Date | Value of the property |
|---|---|---|---|
| | | | |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**
■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | |

Debtor 1   **Paul Jones, II**                                                                Case number (if known)

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

☑ No
☐ Yes

---

**Part 5:**    **List Certain Gifts and Contributions**

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

☑ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person

Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| | | | |

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☑ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600
Charity's Name
Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| | | | |

---

**Part 6:**    **List Certain Losses**

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☑ No
☐ Yes.  Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss

Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|
| | | | |

---

**Part 7:**    **List Certain Payments or Transfers**

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
☑ Yes. Fill in the details.

| Person Who Was Paid
Address
Email or website address
Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Carmody MacDonald P.C.**
**120 S. Central Avenue, Suite 1800**
**Saint Louis, MO 63105**
**Paul Jones (Debtor's Father)** | | **October 5, 2016. Payment was made to Desai Eggmann Mason LLC and transffred to Carmody MacDonald P.C.** | **$3,500.00** |

---

Debtor 1    **Paul Jones, II**

Case number *(if known)*

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:**    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ No
☐ **Yes. Fill in the details.**

| Name of Financial Institution and<br>Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ No
☐ **Yes. Fill in the details.**

| Name of Financial Institution<br>Address (Number, Street, City, State and ZIP Code) | Who else had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ No
☐ **Yes. Fill in the details.**

| Name of Storage Facility<br>Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

Debtor 1    **Paul Jones, II**                                                              Case number *(if known)*

**Part 9:    Identify Property You Hold or Control for Someone Else**

23.  **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

  ■ **No**
  ☐ **Yes. Fill in the details.**

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

**Part 10:    Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24.  **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

  ■ **No**
  ☐ **Yes. Fill in the details.**

| Name of site Address (Number, Street, City, State and ZIP Code) | Governmental unit Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25.  **Have you notified any governmental unit of any release of hazardous material?**

  ■ **No**
  ☐ **Yes. Fill in the details.**

| Name of site Address (Number, Street, City, State and ZIP Code) | Governmental unit Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

26.  **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

  ■ **No**
  ☐ **Yes. Fill in the details.**

| Case Title Case Number | Court or agency Name Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

**Part 11:    Give Details About Your Business or Connections to Any Business**

27.  **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

  ☐ **A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time**

  ☐ **A member of a limited liability company (LLC) or limited liability partnership (LLP)**

  ☐ **A partner in a partnership**

  ☐ **An officer, director, or managing executive of a corporation**

  ☐ **An owner of at least 5% of the voting or equity securities of a corporation**

**Statement of Financial Affairs for Individuals Filing for Bankruptcy**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor 1    **Paul Jones, II**                                                    Case number *(if known)*

☒ **No. None of the above applies. Go to Part 12.**

☐ **Yes. Check all that apply above and fill in the details below for each business.**

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☒ **No**

☐ **Yes. Fill in the details below.**

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|

**Part 12:    Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Paul Jones, II**

**Paul Jones, II**                                              **Signature of Debtor 2**
**Signature of Debtor 1**

Date    **September 15, 2017**                    Date

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
☒ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
☒ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**Fill in this information to identify your case:**

Debtor 1          **Paul Jones, II**
                  First Name          Middle Name          Last Name

Debtor 2
(Spouse if, filing)   First Name          Middle Name          Last Name

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number
(if known)

☐ Check if this is an
   amended filing

## Official Form 108
# Statement of Intention for Individuals Filing Under Chapter 7          12/15

If you are an individual filing under chapter 7, you must fill out this form if:

■ creditors have claims secured by your property, or

■ you have leased personal property and the lease has not expired.

You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

| Part 1: | List Your Creditors Who Have Secured Claims |
|---------|---------------------------------------------|

1. **For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.**

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: <br><br> Description of property securing debt: | ☐ Surrender the property. <br> ☐ Retain the property and redeem it. <br> ☐ Retain the property and enter into a *Reaffirmation Agreement.* <br> ☐ Retain the property and [explain]: | ☐ No <br><br> ☐ Yes |
| Creditor's name: <br><br> Description of property securing debt: | ☐ Surrender the property. <br> ☐ Retain the property and redeem it. <br> ☐ Retain the property and enter into a *Reaffirmation Agreement.* <br> ☐ Retain the property and [explain]: | ☐ No <br><br> ☐ Yes |
| Creditor's name: <br><br> Description of property securing debt: | ☐ Surrender the property. <br> ☐ Retain the property and redeem it. <br> ☐ Retain the property and enter into a *Reaffirmation Agreement.* <br> ☐ Retain the property and [explain]: | ☐ No <br><br> ☐ Yes |
| Creditor's | ☐ Surrender the property. | ☐ No |

Official Form 108          **Statement of Intention for Individuals Filing Under Chapter 7**          page 1

| Debtor 1 | **Paul Jones, II** | Case number *(if known)* |
|---|---|---|

| name: | | ☐ Retain the property and redeem it. | ☐ Yes |
|---|---|---|---|
| Description of property securing debt: | | ☐ Retain the property and enter into a *Reaffirmation Agreement.* | |
| | | ☐ Retain the property and [explain]: | |

**Part 2:**    **List Your Unexpired Personal Property Leases**

For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

| Describe your unexpired personal property leases | Will the lease be assumed? |
|---|---|
| Lessor's name: Description of leased Property: | ☐ No ☐ Yes |
| Lessor's name: Description of leased Property: | ☐ No ☐ Yes |
| Lessor's name: Description of leased Property: | ☐ No ☐ Yes |
| Lessor's name: Description of leased Property: | ☐ No ☐ Yes |
| Lessor's name: Description of leased Property: | ☐ No ☐ Yes |
| Lessor's name: Description of leased Property: | ☐ No ☐ Yes |
| Lessor's name: Description of leased Property: | ☐ No ☐ Yes |

**Part 3:**    **Sign Below**

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.

| X **/s/ Paul Jones, II** | X |
|---|---|
| **Paul Jones, II** | |
| Signature of Debtor 1 | Signature of Debtor 2 |
| | |
| Date    **September 15, 2017** | Date |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

# Notice Required by 11 U.S.C. § 342(b) for
# Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

> **You are an individual filing for bankruptcy,** and

> **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

> Chapter 7 - Liquidation

> Chapter 11 - Reorganization

> Chapter 12 - Voluntary repayment plan for family farmers or fishermen

> Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

> most taxes;

> most student loans;

> domestic support and property settlement obligations;

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11: Reorganization

|  | $1,167 | filing fee |
| + | $550 | administrative fee |
|  | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
|---|------|------------|
| + | $75  | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
|---|------|------------|
| + | $75  | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

- domestic support obligations,

- most student loans,

- certain taxes,

- debts for fraud or theft,

- debts for fraud or defalcation while acting in a fiduciary capacity,

- most criminal fines and restitution obligations,

- certain debts that are not listed in your bankruptcy papers,

- certain debts for acts that caused death or personal injury, and

- certain long-term secured debts.

**Warning: File Your Forms on Time**

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to: http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Bankruptcy crimes have serious consequences**

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html .

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCredit AndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re **Paul Jones, II** _____  Case No. _____

Debtor(s)  Chapter  **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **3,500.00** |
| Prior to the filing of this statement I have received | $ | **3,500.00** |
| Balance Due | $ | **0.00** |

2. The source of the compensation paid to me was:

   ☐ Debtor  ■ Other (specify):  **Debtor's father.**

3. The source of compensation to be paid to me is:

   ■ Debtor  ☐ Other (specify):

4. ☐ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ■ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached. **Debtor's counsel will retain local counsel to appear at the 341 Meeting and said counsel will be compensated from the $3,500 fee.**

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
   **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**September 15, 2017** _____  **/s/ Robert E. Eggmann**
*Date*                                     **Robert E. Eggmann**
                                           *Signature of Attorney*
                                           **Carmody MacDonald P.C.**
                                           **120 S. Central Ave., Suite 1800**
                                           **Saint Louis, MO 63105**
                                           **314-854-8600  Fax: 314-854-8660**
                                           **ree@carmodymacdonald.com**
                                           *Name of law firm*

---

# Carmody MacDonald

Carmody MacDonald P.C.
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105-1705
314-854-8600   Fax 314-854-8660
www.carmodymacdonald.com

Robert E. Eggmann
ree@carmodymacdonald.com
Direct Dial: (314) 854-8638

September 13, 2017

*Via Email (pjonesthe2@gmail.com)*

Mr. Paul Jones, II
5 Ashley Oaks Lane
Flossmoor, IL  60422

> Re:    **Chapter 7 Bankruptcy**

Dear Mr. Jones:

We are pleased that you have selected Carmody MacDonald, P.C. (the "Firm") to serve as your counsel.  I would like to take a moment and confirm the terms and conditions of the Firm representation of you regarding the filing of a chapter 7 bankruptcy.

The Firm has agreed to represent you in a Chapter 7 bankruptcy for a flat fee of $3,500.00 which represents our attorneys' fees.  You also will be responsible for the filing fee of $335.00 and a $50.00 charge to run a credit report if you require one.  Your fee and filing fee have been paid in full.  You also will be responsible for any out-of-pocket costs incurred by the Firm in connection with our representation of you.  The costs of the Debt Counseling and Financial Management classes you are required to attend are payable by you directly to the companies offering those classes.

You not will receive monthly invoices for services rendered as this matter is being handled on a flat fee basis.  If the case is converted to hourly for any reason, you will receive a monthly invoice.  The Firm's invoice to you will include fees and separate charges for out-of-pocket expenses.  Each invoice is due and payable upon receipt.  The Firm reserves the right to charge interest at the rate of one percent (1%) per month (12.68% APR) on invoices that are 30 days or more past due.  The Firm also reserves the right to withdraw as counsel upon the non-payment of any invoice.  If you ever have a question about an item in an invoice, please do not hesitate to contact me.  In addition to my hourly rate I may occasionally use other lawyers and paralegals to assist me in your matter.  Their hourly rates range from $100.00 an hour to $450.00 per hour.  My present hourly rate is $375.00 per hour.

{14836/00000/1910991.DOCX.}

# Carmody MacDonald

Mr. Paul Jones, II
September 13, 2017
Page 2

     I have enclosed a copy of the Firm's Terms of Representation as well as Important Information Regarding Chapter 7 Bankruptcy. Both of these documents are incorporated in this letter. By signing this letter you agree to those terms and conditions of representation and acknowledge that you have read and understand the Important Information Regarding Chapter 7 Bankruptcy.

     If the terms of the proposed engagement are acceptable to you, please sign one copy of this letter where indicated and return it to me in the enclosed self-addressed envelope. You should retain one copy for your records. If you have any questions, please feel free to give me a call at your convenience.

     We are pleased to have this opportunity to be of service and to work with you.

            Very truly yours,

            CARMODY MacDONALD P.C.

            Robert E. Eggmann

REE/pjf
Enclosures

AGREED TO AND ACCEPTED:

Paul Jones, II
Date: September 13, 2017

{14836/00000/1910991.DOCX.}

## TERMS OF REPRESENTATION

**Confirmation of Services.** Carmody MacDonald P.C. is pleased to have this opportunity to serve you. We have found from past experience that our relationship will be stronger and more effective when at the beginning of each representation there is a clear understanding of the services we will perform, the fees we intend to charge for such services, and the payment thereof. Therefore, it is our standard procedure to be very specific with our clients as to the scope of the services that we intend to provide and the terms by which we will bill fees and expenses. The letter accompanying these Terms of Representation sets forth that information. If what is set forth in the accompanying letter or in these Terms of Representation does not accurately describe your understanding of the services we are to perform or the terms for billing fees and expenses, please advise the attorney sending you the letter. Unless the attorney is notified promptly, we will assume that these Terms of Representation and the accompanying letter are acceptable to you.

**Scope of Representation.** The scope of our representation at this time is limited to providing only those services that are described in the accompanying letter. Unless otherwise noted, we will render those legal services that are necessary to the representation. No other services are intended to be provided without the mutual agreement of you, as our client, and Carmody MacDonald P.C. ("The Firm"). Later, if you determine to change materially the scope of our representation, we will need to document that in additional correspondence. Our representation is also limited to working on behalf of the client identified in the accompanying letter. The Firm does not represent any other entity or individuals unless specifically stated in the accompanying letter.

**Attorneys and Others to Assist in Providing Services.** When it is appropriate for your particular matter and when it will serve to reduce costs, we intend to assign parts of your work to other lawyers, paralegals, law clerks, and document clerks. Often these individuals specialize in certain areas, and we have found that allocating work to them allows us to produce our best legal product in the most efficient manner. In such an event, however, one attorney will be designated as your primary contact within The Firm. This attorney will supervise the work and will be responsible to you for the entire matter. The attorney who signed the accompanying letter will serve in that capacity for the work indicated.

**Billing and Hourly Rates.** Our fees are based primarily on the time spent. We generally bill for professional services on an hourly basis. Each attorney and other professional in The Firm has an hourly billing rate which is set based on that individual's expertise and experience. Generally, our fee rates are periodically adjusted, and bills for our fees will reflect these adjustments.

Hourly time charges will reflect the time spent on your matter, including, as appropriate, litigation due diligence investigation, legal research, document drafting, transaction closing, and travel in connection with this representation. However, we do not charge for attorney administrative time or for time spent in maintaining a general, current knowledge of the law. In addition, we bill on a per-item basis for computerized legal research (LEXIS and Westlaw

services), filing fees and related litigation expenses (fines, court costs, deposition expenses, expert witness fees, cost of process server), telephone charges, delivery and FAX charges, special database storage when established at your request, photocopying, and travel expenses.

Unless there are circumstances which prompt a different schedule, each month you will receive a computer-generated statement showing a description of the services performed through the end of that month, identifying the attorneys and others who performed the services, and itemizing expenses paid by us for your work. The Firm reserves the right to charge interest at the rate of one percent (1%) per month (12.68% APR) on invoices that are 30 days or more past due. The Firm also reserves the right to withdraw as counsel upon the non-payment of any invoice.

**Fees Not Contingent and Due Upon Receipt.** Our fees are not contingent, and payment is due upon the receipt of the statement. If The Firm has not received any comment about the statement within 30 days of its receipt, we will assume that you found it acceptable. As a means of encouraging timely payment of our statements, we reserve the right to add a late charge of 1.5% per month (19.6 APR) to bills which are past due, i.e., statements that remain unpaid for more than 30 days.

Payment is to be made by check or draft payable to Carmody Macdonald P.C.

If any of our statements remain unpaid for more than 90 days, we may, consistent with our ethical and court-imposed obligations, cease to perform services until satisfactory arrangements have been made for the payment of the unpaid statements and future fees. In fairness to our many clients who promptly pay their statements each month, we reserve the right to take appropriate action with respect to such delinquent accounts.

**Attorney-Client Communication.** Our statements generally contain information protected by the attorney-client privilege. As the privilege could be deemed to have been waived if someone other than the client sees the privileged material, we recommend that you keep all of our statements in a separate file marked "Attorney-Client Privileged Materials," and keep the file in a secure place.

**Payment of Third-Party Expenses.** The Firm prefers that you pay directly any significant outside expense items related to your work and, when possible, we will direct such expenses to you for payment. Therefore, we often ask our vendors to bill our clients directly rather than having us incur the expense and then including the amount on our statement.

**Termination of Services and Representation.** You may terminate our services at any time. Termination of our representation does not, however, relieve you from the responsibility of paying those fees and expenses incurred through the date we were notified of such termination. Similarly, we may withdraw from this representation for a number of reasons, including failure to promptly pay the amounts indicated in our statements; failure to disclose all facts material to our representation; failure to act in accordance with our advice; or development of one or more circumstances which, in our judgment, impair our ability to maintain an effective attorney-client relationship. Upon termination of our services and representation by the client or our withdrawal from representation of the client, we will be entitled to be paid for all services rendered and costs

2

and expenses paid or incurred on behalf of the client to the date of termination or withdrawal. We also will be entitled to payment at our standard billing rates for any work required of us in connection with the turnover of files to the client or new counsel and the orderly transition of pending matters to new counsel, and we also will be entitled to reimbursement of all expenses incurred by us in connection with such work. We will return to the client all papers and property belonging to the client, upon payment of all amounts owed by the client to The Firm. We reserve the right to make, at the client's expense, and retain copies of all documents generated or received by us in the course of our representation of a client. If a client requests documents from us, either during the course of our representation of the client or in connection with or following termination of or withdrawal from such representation, such documents will be provided at the client's expense, including both reproduction costs and professional fees for time expended in reviewing files to locate requested documents.

**Estimates of the Cost of Services to be Performed.** From time to time you may ask us to make an estimate of the cost of completing all or part of your matter. Because it is often difficult to estimate at the beginning of a project how much time it will take to complete it, we treat any estimate as an "educated guess" and not as an assurance that we will be able to do the work for the estimated price. When an estimate is given we will advise you when we are nearing the estimated price, and we will also advise you if we become aware that the estimate may be exceeded. At that time, you can decide whether to terminate our work on the project, modify the project, or proceed to completion with a different cost estimate.

**Completion of Matter.** After a particular matter is completed, we do not (unless you specifically request in writing that we do so) undertake to continue to review that matter and update you concerning legal developments, such as changes in applicable laws or regulations. If you do ask us to review a specific matter on which we have previously worked, we will consider that to be a new representation. Thus, while we may, from time to time, call to your attention issues or legal developments that might be relevant to your operations, we are not undertaking to do so as a part of this representation.

Unless previously terminated, our representation will end upon our sending you our final statement for services rendered with respect to this matter. If, upon any termination or completion of a matter, you wish to have your documents in our possession delivered to you, please advise us. Otherwise, all such documents will be transferred to the person responsible for administering our records retention program. In that event, they will, after a reasonable amount of time, be destroyed in accordance with our established policy. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any documents which are retained by us after our representation of you ceases.

**Client Confidences/Description of Client/Future Conflicts.** Our clients are engaged in a wide variety of businesses. From time to time we represent clients who are industry competitors. In order to ensure confidentiality, we will not (unless you specifically grant us the authority to do so) discuss or otherwise make available to anyone, including other clients, any information about you, your business, or our work on your behalf and will not discuss or otherwise make available to you any information about any of our other clients (if any), their business, or any work on their behalf.

3

It is understood that our client for purposes of this representation is Paul Jones, II.

The Firm represents many other companies and individuals. It is possible that during the time that we are representing you, some of our present or future clients will have disputes or transactions with you. You agree that we may continue to represent or may undertake in the future to represent existing or new clients in any matter that is not substantially related to our work for you even if the interests of such clients in those other matters are directly adverse. Without limiting the generality of the foregoing, we will have the right to represent debtors or other creditors in bankruptcy, workout, and other debtor-creditor matters in which you are a creditor. Your signature on the enclosed copy of this letter will constitute your consent to any and all such conflicting representations. We agree, however, that your prospective consent to conflicting representation contained in the preceding sentence shall not apply in any instance where, as a result of our representation of you, we have obtained proprietary or other confidential information of a non-public nature, that, if known to such other client, could be used in any such other matter by such client to your material disadvantage. (You should know that, in similar engagement letters with many of our other clients, we have asked for similar agreements to preserve our ability to represent you.)

**No Guarantee.** We will perform our professional services on your behalf to the best of our ability, but we cannot make and have not made any guarantees regarding the outcome of our work on this project. Any expressions by us about the outcome of this project are our best professional views only and are limited by our factual knowledge at the time they are expressed.

**Questions or Additional Information.** We hope this explanation will be helpful to you and invite you to feel free to discuss any concern with us at any time or to inquire at any time about the fees or costs incurred. It is extremely important that we proceed so that you and we have a clear and satisfactory understanding about the work to be performed. We will strive to keep you fully informed during the course of this engagement and anticipate that you, likewise, will keep us informed of pertinent developments.

**Acceptance of Terms of Representation.** If these Terms of Representation and the accompanying letter correctly and completely set forth our mutual understanding of the terms of our engagement, please sign a copy of the accompany letter and return it to our offices for our file.

**Retention of Documents.** You authorize Carmody MacDonald P.C. to destroy any and all records pertaining to this matter five (5) years after the conclusion of the representation.

4

## IMPORTANT INFORMATION ABOUT CHAPTER 7 BANKRUPTCY

      1.    **Identity of Client; Scope of Representation**. You are the only client of Carmody MacDonald P.C. (the "Firm") in this matter. The Firm will not be representing any of your affiliates, insurers, family members or related interests. You have engaged the Firm to advise and represent you in connection with the filing and administration of a Chapter 7 bankruptcy. You may expand the scope of our engagement or engage the Firm in connection with additional matters, but only through the execution by you and the Firm of an additional engagement letter describing the expanded scope of our engagement or the additional matter, as the case may be.

      2.    **Attorneys Fees and Costs**. The Firm has agreed, subject to Section 5, below, to represent you in a Chapter 7 bankruptcy for a flat fee of $4.000, which represents our attorneys' fees. You also will be responsible for the filing fee of $335.00 and a $50.00 charge to run a credit report if you require one. You also will be responsible for any out-of-pocket costs incurred by the Firm in connection with our representation of you. The costs of the Debt Counseling and Financial Management classes you are required to attend are payable by you directly to the companies offering those classes.

      3.    **Billing Statements**. Because we are handling this case on a flat fee basis, you will not receive a billing statement after you have paid your flat fee unless there are out of pocket costs for which you are responsible or additional services rendered not covered by the flat fee.

      4.    **Staffing; Scope of Services**. Robert E. Eggmann will be the attorney at the Firm primarily responsible for this matter, but various portions of the work may be delegated to other attorneys and paralegals, as the Firm deems appropriate. The Firm will provide those legal services reasonably required to represent you. We will take reasonable steps to keep you informed of progress and to respond to your inquiries. This Agreement will govern all future services the Firm may perform for you in connection with your Chapter 7 bankruptcy.

      5.    **Additional Services**. The flat fee that you pay will cover the following: the preparation of your bankruptcy petition and schedules; attendance at your Meeting of Creditors; and the review of reaffirmation agreements. Any and all additional legal services you may need are not included in the flat fee and will be performed on an hourly basis at the applicable attorney's regular hourly rate. My hourly rate for this matter is $320. Possible examples of such additional services include the filing of motions and responses to motions filed by creditors (such as motions for relief from the automatic stay) and the Bankruptcy Trustee, appearing at a continued Meeting of Creditors, other appearances in the Bankruptcy Court, and preparation of any necessary amendments to your bankruptcy schedules.

      The Firm does not report to credit bureaus. In the event that one or more of your credit reports is inaccurate and you wish to retain this Firm to assist with obtaining corrections of the report, that would be a separate engagement requiring a new engagement letter or other written agreement.

{9998/00173/1881595.DOCX.}

6.     **Questionnaire and Information to be Provided**.  You should have already received an electronic link to the Firm's Bankruptcy Questionnaire (the "Questionnaire").  The Questionnaire must be fully and accurately completed. Once you have completed the Questionnaire, you will click "Submit" and the Questionnaire will be electronically delivered to us. After you click Submit, you will lose access to the Questionnaire.

In addition to providing us the information in the Questionnaire, we will also need your last 2 filed state and federal income tax returns and your last 6 month pay stubs.  You must take a credit counseling course.  We recommend Cricket Debt and their card is included.  Please use attorney code **559269**.  You will also have to take a second credit counseling course after you file bankruptcy and you can use Cricket for this course as well.

7.     **Client's Duties**.  You agree to be truthful and cooperate with the Firm, the Bankruptcy Court, and the Bankruptcy Trustee.  In addition, you agree to keep the Firm informed of developments, to abide by this Agreement, to pay the Firm's bills on time and to keep the Firm advised of your address and telephone number.  In addition, you must list all of your creditors and all of your assets in your response to the Questionnaire.

You are responsible for arranging, attending, and paying the costs of the Debt Counseling and Financial Management classes you are required to attend. You will pay the costs of the classes directly to the companies providing them.   You must attend an approved Debt Counseling class before your case is filed and provide the Firm with a certificate of completion. You must also attend an approved Financial Management class within 30 days of the first date your Meeting of Creditors is scheduled and provide the Firm with a certificate of completion.  If you do not timely attend the Financial Management class and timely provide us with a certificate of completion, your case will be closed without a discharge.  In order to obtain a discharge, your case will need to be reopened and the certificate of completion will need to be filed.  There will be an additional filing fee of approximately $250.00 to reopen your file and the attorney's fees will be $300.00 for the Firm to file a motion to reopen the case and request the discharge.

You must list all of your property and all of your debts on your bankruptcy schedules. If you have any doubt about whether any item of property must be listed in your bankruptcy schedules, please list it and bring the issue to our attention.  **Intentional misrepresentations on your bankruptcy schedules will result in a denial of your bankruptcy discharge and will subject you to criminal prosecution by the United States Department of Justice.**

It is very important, if you own real estate or an automobile, that you make your monthly payments on time. The filing of bankruptcy does not relieve you from your monthly mortgage or automobile payments. If you are behind on your mortgage or car payment at the time of filing or fall behind during the case, the creditor will likely attempt to foreclose or repossess the property. If this happens, the creditor will file a Motion for Relief from the Automatic Stay. This is a motion seeking court permission to foreclose on or repossess property. The Firm will not respond to this motion or attend the court date for this motion unless you retain us specifically for those purposes and the retention is confirmed by a separate engagement letter or other written agreement. Additional attorney's fees will be required. You will receive a copy of the motion from the Court. If you desire representation regarding the motion, it is your responsibility to

contact the Firm and make financial arrangements at least five (5) days before any deadline to respond to the motion.

If you inherit money or property within six months from the date you file bankruptcy, you must contact the Firm or your Bankruptcy Trustee, immediately, and you must not spend the funds, as they are property of your Bankruptcy Estate.

8. **Reaffirmation Agreements and Redemption.** You have the right to reaffirm secured debts, provided that your payments are current on the date you filed bankruptcy. If you are not current, the secured creditor may require that you bring all payments current before entering into a reaffirmation agreement. If you own a home or a car, these are the two most likely debts to be reaffirmed. Some creditors will mail reaffirmation agreements directly to the Firm. Other creditors may not send any reaffirmation agreements. Timely filing of reaffirmation agreements will be your responsibility. Prior to filing bankruptcy, you may wish to contact the secured creditors in order to request that they send a reaffirmation agreement to the Firm. A reaffirmation agreement, exclusive of those dealing with personal property, must be signed by you, the secured creditor and me, and filed with the Court prior to the last date for creditors to file an objection to your discharge. You should also note that secured creditors may stop sending you monthly invoices upon your bankruptcy filing, and if your payment is made through an automatic bank account transfer or payroll deduction, the secured creditor may cancel these automatic payment features. Again, this is why it is important and your responsibility to contact the secured creditors prior to filing bankruptcy. It is also your responsibility to make timely monthly payments even if you do not receive a monthly invoice.

You should not sign a reaffirmation agreement unless you think it is in your best interests and will not impose an undue hardship on you and your family. You have 60 days to rescind the reaffirmation agreement from the date it is filed with the Court. The Firm requires at least three business days' notice in order to file a document rescinding the agreement and you will need to come to our office and sign the document prior to it being filed with the Court. **If you do not rescind the agreement, it is a binding contract which removes the debt from the bankruptcy discharge provisions and exposes you to the risk of a deficiency claim should you subsequently default in payment or other terms of the original contract.**

You should also be aware that any credit card claims are likely to be secured. For example, any tangible personal property you purchased from creditors such as Sears, Macy's, Best Buy, or a retail jewelry store, are likely to be subject to a security interest. The creditors retain a purchase money security interest in the property. You will have the option to redeem the property by making a lump-sum cash offer for the fair market value of the property. You also will have the option to reaffirm the debt by entering into an agreement to make monthly payments on the account, or you may simply pay nothing and surrender the property. Should you choose to redeem the property and it becomes necessary to file a formal motion with the Court for redemption, it is possible that we will quote an additional fee, and your in-court testimony is likely to be necessary.

9. **Utilities.** If your creditors include any utilities, please note that the utility company will stop your service and end the pre-petition billing immediately upon notice of the filing. They will offer you new service, but will require a deposit which is likely to be 3 or 4

times your highest monthly bill during the last year.  Unless you can borrow funds to post the deposit, the utility company can discontinue service.

10.    **Transfer of Property**.  The United States Bankruptcy Code and a number of state laws forbid you to transfer or sell any property of any kind, until the Bankruptcy Trustee appointed to your case abandons his or her interest in your Bankruptcy Estate. This event usually takes place immediately after your Meeting of Creditors, which usually takes place one month after the date of filing.  Additionally, the Bankruptcy Trustee can set aside transfers of property and recover payments of money to friends and relatives if made with one year of bankruptcy and, under some circumstances, within four years of bankruptcy.  The Bankruptcy Trustee can also recover, from any creditor, any amount you paid the creditor in the 90 days prior to bankruptcy, if the payment was made under circumstances which are not in the ordinary course of business.

11.    **Bank and Credit Union Accounts**.  If you bank at a Bank or Credit Union and you have a loan with that particular institution, please be advised that the institution will likely freeze your account and apply the funds in the account to your loan balance. We advise you to close any such account or withdraw all money from the account before the bankruptcy is filed. You should also be aware that the value of any bank deposits or checking accounts will be determined, not by the listing in your schedules, but rather by the actual balance on the date of filing.  Thus, the value of any checks which you have written, but which have not cleared on the date of filing, will not be deducted in determining the account balance included in the Bankruptcy Estate.

12.    **Tax Returns and Tax Refunds**.  Please be advised that Federal and State income tax refunds are an asset and are thus property of the Bankruptcy Estate.  Depending on the amount of the refund, and applicable exemptions, you may have to surrender all or part of your tax refund to the Bankruptcy Trustee, for payment to the creditors. Do not spend your tax refund without approval from the Bankruptcy Trustee. This usually occurs at the first court date. **Failure to comply with this paragraph may lead to the revocation or denial of a discharge, a money judgment against you for the refund amount, or criminal prosecution.**

The Bankruptcy Trustee will require you to provide copies of your most recently filed tax return.  The Bankruptcy Trustee will most likely want to see your tax return for the year in which you file your case, especially if you file in the third or fourth quarter of the year.  If you are delinquent in filing tax returns, the Trustee may require you to file all delinquent tax returns and provide copies to the Trustee as a condition of receiving your discharge.

13.    **Disclosure of Income and Expenses**.  Please be advised that your income and expenses must be disclosed accurately. Please review all bankruptcy schedules to ensure payroll, income and expense accuracy.

14.    **Discharge and Withdrawal**.  You may discharge the Firm at any time. The Firm's attorneys representing you may withdraw with your consent or for good cause.  Good cause includes your breach of this Agreement, including nonpayment of fees, your refusal to cooperate with the Firm or the Bankruptcy Trustee or to refrain from actions that the attorneys representing you consider repugnant or with which they have a fundamental disagreement, or

any fact or circumstance which would render our continuing representation unlawful or unethical. Our withdrawal may be subject to court approval.

When the Firm's services conclude, all unpaid charges will immediately become due and payable. After the Firm's services conclude we will, upon your request, deliver your file to you, along with any funds or property of yours in our possession. Your file may be destroyed at any time after five (5) years from the closing of your bankruptcy case.

15.   **Disclaimer of Guarantee.** Although we will make every effort to handle your case promptly and efficiently according to the highest legal and ethical standards, we make no guarantee as to the outcome of your case. You acknowledge that the Firm has made no guarantee regarding the disposition or results of any phase of this matter and that all expressions relative thereto are only our opinion as lawyers and are based on our knowledge of the facts, which are not necessarily complete.

In the absence of specific direction from you, the Firm reserves the right to make tactical and policy decisions concerning the time and place of necessary discovery, scheduling of court hearings, granting continuances voluntarily, and engaging in voluntary discovery or settlement negotiations. All settlement offers received will be promptly disclosed to you. Your final approval is, of course, required for any settlement affecting your personal and property rights or obligations, or any contested issue in the case. The Firm retains the sole right to make decisions relating to trial tactics or procedure.

16.   **No Recommendation by The Firm.** The filing of a Chapter 7 may appear on your credit report for as long as ten (10) years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. You can only receive a Chapter 7 discharge once every 8 (eight) years. Debts which may not be discharged in a Chapter 7 case include but are not limited to most tax debts, child support, maintenance, student loans, court ordered fines and restitution, debts obtained through fraud, and debts incurred as a result of driving while intoxicated or under the influence of drugs. **Your discharge may be denied entirely if you, for example, do not cooperate with the Bankruptcy Trustee, destroy or conceal property, destroy, conceal or falsify records, or make a false oath.**

Your signature on the enclosed engagement letter will confirm your consent to any and all representations of the types described in this Section 16 and waiver of any conflicts of interest inherent in any such representations. You should know that we would be ethically precluded from accepting any such representation, even with your consent, unless the other client also consented in writing to our representation of you and we reasonably believed that we would be able to provide competent and diligent representation to both clients. In addition, subject to certain exceptions specified in applicable rules of professional conduct, we would be ethically precluded from disclosing, or using to your disadvantage, any information relating to our representation of you. You also should know that, in engagement letters with many of our other clients, we have requested consents similar to those in this Section 16, in order to preserve our ability to represent you.

If, notwithstanding your consent, the Firm concludes that it cannot or should not continue to represent you while also representing another client in one or more matters in which it is

adverse to you or any of your affiliates, insureds or insurers, the Firm will have the right to withdraw immediately from its representation of you. You acknowledge that the Firm's withdrawal in such circumstances will not breach any duty of loyalty or other duty of the Firm to you. If the Firm exercises its right to withdraw, you immediately will become a "former client" of the Firm for purposes of applicable rules of professional conduct.

17.    **Effective Date**. This Agreement will take effect when you have performed the conditions stated in Paragraph 2, but its effective date will be retroactive to the date the Firm first performed services. Even if this Agreement does not take effect, you will be obligated to pay the Firm the reasonable value of any services we may have performed for you. This Agreement must be signed by you and returned to the Firm within fourteen (14) days or it shall be deemed null and void.

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Paul Jones, II** _____   Case No. _____
                                          Debtor(s)        Chapter    **7** _____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ **5**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:  **September 15, 2017** _____        **/s/ Paul Jones, II** _____
                                            **Paul Jones, II**
                                            Signature of Debtor

Chase Freedom Card
P.O. Box 15298
Wilmington, DE 19850


Discover
P.O. Box 6103
Carol Stream, IL 60197


Illinois Department of Revenue
Bankruptcy Unit
PO Box 19035
Springfield, IL 62794-9035


Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346


Stefaun Watson
C/O Benjamin Sansone, Esq.
7777 Bonhomme Ave., Suite 2000
Saint Louis, MO 63105

## United States Bankruptcy Court
### Northern District of Illinois

In re    __Paul Jones, II__             Case No. _____

                               Debtor(s)        Chapter   __7__

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                     __2__

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   __August 16, 2017__                                    

                                 Paul Jones, II
                                 Signature of Debtor

Debtor 1   **Paul Jones, II** _____   Case number (if known) _____

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|

8. **Unemployment compensation**
Do not enter the amount if you contend that the amount received was a benefit under
the Social Security Act. Instead, list it here:
$ _____    $ _____

    For you ............................................. $ _____

    For your spouse ............................... $ _____

9. **Pension or retirement income.** Do not include any amount received that was a
benefit under the Social Security Act.
$ _____    $ _____

10. **Income from all other sources not listed above.** Specify the source and amount.
Do not include any benefits received under the Social Security Act or payments
received as a victim of a war crime, a crime against humanity, or international or
domestic terrorism. If necessary, list other sources on a separate page and put the
total below.

    _____   $ _____    $ _____
    _____   $ _____    $ _____

    Total amounts from separate pages, if any.    + $ _____    $ _____

11. **Calculate your total current monthly income.** Add lines 2 through 10 for
each column. Then add the total for Column A to the total for Column B.

$ _____  + $ _____  = $ _____

                                               Total current monthly<br>income

**Part 2:    Determine Whether the Means Test Applies to You**

12. **Calculate your current monthly income for the year.** Follow these steps:

    12a. Copy your total current monthly income from line 11.    **Copy line 11 here⇒**    $ _____

        Multiply by 12 (the number of months in a year)    x 12

    12b. The result is your annual income for this part of the form    12b.    $ _____

13. **Calculate the median family income that applies to you.** Follow these steps:

    Fill in the state in which you live.    [_____]

    Fill in the number of people in your household.    [_____]

    Fill in the median family income for your state and size of household.    13.    $ _____
    To find a list of applicable median income amounts, go online using the link specified in the separate instructions
    for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

    14a. ☐  Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
           Go to Part 3.

    14b. ☐  Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.*
           Go to Part 3 and fill out Form 122A-2.

**Part 3:    Sign Below**

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X _____
   Paul Jones, II
   Signature of Debtor 1

Date   **August 16, 2017**
    MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 122A-2.

If you checked line 14b, fill out Form 122A-2 and file it with this form.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor 1    **Paul Jones, II** _____    Case number (if known) _____

name:

☐ Retain the property and redeem it.    ☐ Yes

☐ Retain the property and enter into a
   *Reaffirmation Agreement.*

Description of
property
securing debt:

☐ Retain the property and [explain]: _____

---

**Part 2:    List Your Unexpired Personal Property Leases**

For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill
in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended.
You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

**Describe your unexpired personal property leases**    **Will the lease be assumed?**

| Lessor's name: | |
| Description of leased Property: | ☐ No |
| | ☐ Yes |

| Lessor's name: | |
| Description of leased Property: | ☐ No |
| | ☐ Yes |

| Lessor's name: | |
| Description of leased Property: | ☐ No |
| | ☐ Yes |

| Lessor's name: | |
| Description of leased Property: | ☐ No |
| | ☐ Yes |

| Lessor's name: | |
| Description of leased Property: | ☐ No |
| | ☐ Yes |

| Lessor's name: | |
| Description of leased Property: | ☐ No |
| | ☐ Yes |

| Lessor's name: | |
| Description of leased Property: | ☐ No |
| | ☐ Yes |

---

**Part 3:    Sign Below**

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal
property that is subject to an unexpired lease.

X _Paul Jones, II_____    X _____
Paul Jones, II                           Signature of Debtor 2
Signature of Debtor 1

Date    **August 16, 2017**_____    Date _____

---

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor 1 **Paul Jones, II** _____ Case number *(if known)* _____

■ No. None of the above applies. Go to Part 12.

☐ Yes. Check all that apply above and fill in the details below for each business.

| Business Name | Describe the nature of the business | Employer Identification number |
| Address | | Do not include Social Security number or ITIN. |
| (Number, Street, City, State and ZIP Code) | Name of accountant or bookkeeper | Dates business existed |

28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

■ No

☐ Yes. Fill in the details below.

| Name | Date Issued |
| Address | |
| (Number, Street, City, State and ZIP Code) | |

**Part 12:** Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

_____     _____
**Paul Jones, II**                                             Signature of Debtor 2
Signature of Debtor 1

Date    August 16, 2017                          Date    _____

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
■ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Debtor 1  **Paul Jones, II**                                              Case number (if known) _____

---

**Part 6:   Answer These Questions for Reporting Purposes**

| | | |
|---|---|---|
| 16. What kind of debts do you have? | 16a. | **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." |

■ No. Go to line 16b.

☐ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

■ No. Go to line 16c.

☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts _____

---

17. Are you filing under Chapter 7?

☐ No.   I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

■ Yes.   I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

■ No

☐ Yes

---

| 18. How many Creditors do you estimate that you owe? | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

| 19. How much do you estimate your assets to be worth? | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| 20. How much do you estimate your liabilities to be? | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**Part 7:   Sign Below**

For you

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| _Paul Jones, II_ | _____ |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed on  **August 16, 2017** | Executed on _____ |
| MM / DD / YYYY | MM / DD / YYYY |

---

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Paul Jones, II | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

■ No

☐ Yes. Name of person _____   Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _____          X _____
Paul Jones, II                                       Signature of Debtor 2
Signature of Debtor 1

Date   August 16, 2017                               Date _____

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy